*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Conservatorship of JH.

JOANNA HYDEN, Guardian of JH, and JEFFREY NADIG, Conservator of JH,

Petitioners-Appellees,

v

VIRGINIA BOSS, formerly known as VIRGINIA HYDEN,

Respondent-Appellant.

UNPUBLISHED
October 30, 2025
2:48 PM

No. 371829
Mecosta Probate Court
LC No. 20-001854-CA

Before: SWARTZLE, P.J., and ACKERMAN and TREBILCOCK, JJ.

PER CURIAM.

Respondent, Virginia Boss, contends in this appeal that the probate court erroneously ordered her to pay tax penalties and related interest incurred during her two-year conservatorship of her then-husband. We affirm.

Joseph Hyden, respondent's now ex-husband, suffered a traumatic brain injury in a 2012 car accident, which ultimately resulted in a no-fault lawsuit against his insurer regarding attendant care and medical bills. In part to facilitate the lawsuit and its settlement, in February 2020, the probate court appointed respondent to be his conservator. Two years later, however, respondent successfully petitioned the probate court to remove her as a conservator and appoint Jeffrey Nadig as a successor conservator; she did so because she had separated from Hyden and "no longer . . . wish[ed] to handle his money." The divorce was finalized in 2023.

That brings us to the brief issue at hand. After Nadig filed Hyden's taxes for fiscal year 2022, the Internal Revenue Service notified him that Hyden's 2015 through 2019 taxes were outstanding and that Hyden owed $58,341.92. With the probate court's permission, Nadig paid off that tax debt and retained an accountant to determine how much of that amount reflected interest and penalty for the period of time respondent was Hyden's conservator. Nadig then moved

for a show cause order, asserting respondent was "in contempt for failure to fulfill fiduciary duties as conservator" for failing to ensure Hyden paid income taxes for the years 2015 through 2019 and requesting that she reimburse Hyden for the interest, penalty, and fees.

Following a hearing at which both Nadig and Hyden testified, the probate court found respondent in civil contempt of court because "[s]he had a fiduciary duty to make sure that the taxes were paid on behalf of [Hyden] and they were not done." The probate court initially concluded at the hearing that it would surcharge respondent for half of the total debt owed to the IRS, plus additional fees and costs associated with that debt, all totaling close to $34,000. But it reconsidered sua sponte, issuing a written order concluding it could not "enforce as a surcharge" respondent's half-interest in the tax debt because it had "no authority to surcharge her for actions prior to the fiduciary relationship created at the creation of the conservatorship on 02/18/2020 when [it] signed the Letters of Conservatorship." So it just surcharged respondent $9,296 for the penalties, interest, and fees that occurred during her term as conservator. Respondent appeals.

Under the Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, a conservator must "act as a fiduciary and observe the standard of care applicable to a trustee." MCL 700.5416. A conservator "stands in a position of confidence and trust with respect to . . . [the] protected individual," and "shall discharge all of the duties and obligations of a confidential and fiduciary relationship, including the duties of undivided loyalty; impartiality between heirs, devisees, and beneficiaries; care and prudence in actions; and segregation of assets held in the fiduciary capacity." MCL 700.1212(1). A probate court has the authority "to determine and remedy a conservator's breaches of fiduciary duties," *In re Conservatorship of Murray*, 336 Mich App 234, 244; 970 NW2d 372, 379 (2021), which it must determine by a preponderance of the evidence, *id*. at 246. This Court reviews a probate court's decision to surcharge a conservator for abuse of discretion, which occurs when the court's rulings fall outside the range of reasonable and principled outcomes. *Id*. at 240.

Respondent takes issue with two aspects of the probate court's surcharge. First, she contends that the tax debt was "marital debt" stemming from his no-fault lawsuit's settlement and her related care of him, and thus "should have been addressed in the Judgement of Divorce" and not in these proceedings. But the probate court's surcharge here arose from respondent's failure to discharge her fiduciary duties as a conservator by failing to ensure Hyden's taxes were current, and not the propriety of the tax debt in the first instance.

Second, respondent asserts she was "in contact" with the IRS to get "these penalties and fees reduced or waived," and because the probate court approved Nadig's payment of the debt, the probate court's surcharge order effectively "penalize[s her] for not filing" the identical request during her time as conservator. Yet, it was Nadig's obligation as a conservator to make Hyden's tax debts current, and the probate court's order finding respondent in contempt for failing to do the same does not rise to the level of an abuse of discretion. Nor do we see anything in the record permitting us to conclude that respondent's generic assertions of relying on others to determine the taxability of Hyden's settlement means she exercised reasonable care as a fiduciary.

For these reasons, we affirm the probate court's surcharge order.

/s/ Brock A. Swartzle
/s/ Matthew S. Ackerman
/s/ Christopher M. Trebilcock